Dunne, Dunne & Cohen, LLC
683 Kearny Avenue
Kearny, New Jersey 07032
(201) 998-2727
F.R. "Chip" Dunne, III, Esq. - 008042009
Attorneys for Lin Dah Lim and Scott Phillips

U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ

2017 AUG 29 P 3: 30

JEANNE A. NAUGHTON

BY: _____
DEPUTY CLERK

PAID #350.00

## UNITED STATES BANKRUTPCY COURT
## FOR THE DISTRICT OF NEW JERSEY
## VICINAGE OF NEWARK

| | |
|---|---|
| In re:<br><br>DAVID SOLOMON, Jr.<br><br>Debtor<br>—————————————————<br>LIN DAH LIM and SCOTT PHILLIPS<br><br>Plaintiffs,<br>v.<br><br>DAVID SOLOMON, Jr.<br><br>Defendant | Chapter 7<br><br>Case No.: 17-20263<br><br>Adv. Pr. No. |

### COMPLAINT TO HAVE DEBT OWED TO LIN DAH LIM AND SCOTT PHILLIPS BY THE DEBTOR DAVID SOLOMON, JR. DECLARED NON-DISCHARGEABLE PURSUANT TO SECTIONS 523(a)(2)(A) and 523(a)(6) OF THE BANKRUPTCY CODE

Plaintiffs, Lin Dah Lim and Scott Phillips, by and through their counsel, Dunne, Dunne & Cohen, LLC, bring this Complaint against Debtor David Solomon, Jr. and in support thereof aver, as follows:

## JURISDICTION AND VENUE

1. This is an adversary proceeding commenced by Plaintiffs against Debtor pursuant to 11 U.S.C. § 523(a)(2)(A) and 523(a)(6), for an Order and Judgment denying Debtor a discharge from a debt owed to Plaintiff.

2. The aforementioned debt is owed the Plaintiffs due to the fraudulent conduct of the Debtor; for work not completed by the Debtor but paid for by the Plaintiffs with the Debtor accepting said payments; and, for work completed improperly, in violation of N.J.A.C. 5:23-2.14 (a) and N.J.A.C. 5:23-2.15 (b) 2(i) which constitutes a violation of the New Jersey Consumer Fraud Act.

3. This adversary proceeding arises in and relates to the above captioned bankruptcy case entitled *In Re: David Solomon, Jr.* commenced under Chapter 7 of the Bankruptcy Code and presently pending in the New Jersey Superior Court, Hudson Vicinage under Docket Number: L-4690-15.

4. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

## PARTIES

6. Lin Dah Lim and Scott Phillips are residents of Hudson County, New Jersey.

7. Debtor is a resident of New Jersey residing or located at 930 Newark Avenue, Jersey City, New Jersey 07306.

8. On May 18, 2017 (the "**Petition Date**"), the Debtor filed with this Court a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court, District of New Jersey.

## FACTS COMMON TO ALL COUNTS

9.  Plaintiffs, Lin Dah Lim and Scott Phillips, entered into a Contract for an extensive renovation of their home with David Solomon and On Time Construction.

10. David Solomon is the owner and/or managing member of On Time Construction and was personally responsible for the quality of services being provided to Lin Dah Lim and Scott Phillips pursuant to the Contract.

11. David Solomon accepted Lin Dah Lim and Scott Phillips's payments yet failed to complete the work he was obligated to.

12. The Contract failed to contain a start date or an end date for the work to be completed which in itself is a violation of the New Jersey Consumer Fraud Act.

13. The work performed was unprofessional resulting in severe damages to the Plaintiffs. The work was also performed in violation of N.J.AC. 5:23-2.14 (a) and NJ.AC. 5:23-2.15 (b) 2 (i) which is a violation of the New Jersey Consumer Fraud Act.

14. On numerous occasions David Solomon failed to provide the quality, type and/or brand of materials as specified in the contract attempting to use cheaper materials of lower quality as agreed to in the contract. David Solomon repeatedly charged the Plaintiffs for expensive, top of the line materials but in fact purchased cheap, low quality materials thereby committing actual fraud against the Plaintiffs.

15. The Contract failed to contain a notice to the Plaintiffs that they had the right to cancel the Contract within three (3) days which is also a violation of the New Jersey Consumer Fraud Act.

16. The Contract failed to specify if any permits were required and if so which party would be

responsible for obtaining same.

17. The Plaintiff intentionally left the property in a complete state of disarray with trash littering the entire property causing additional damages.

## COUNT ONE

18. Plaintiffs repeat and reallege each allegation contained in the Venue, Parties and Facts Common to All Counts Sections of the Complaint and incorporate same as if set forth at length herein.

19. As a result of the actions of the Debtor as set forth above, Debtor obtained money, property and/or services from Plaintiffs by false pretenses, false representations and/or actual fraud.

20. As a result of Debtor obtaining money, property and/or services by false pretenses, false representations and/or actual fraud, the debt owed to Plaintiffs are not entitled to discharge pursuant to §523(a)(2)(A).

**Wherefore,** Plaintiffs demand judgment deeming the debt owed by the Debtor, David Solomon, Jr., to Plaintiffs, Lin Dah Lim and Scott Phillips, is not dischargeable pursuant to §523(a)(2)(A) of the Bankruptcy Code.

## COUNT TWO

21. Plaintiffs repeat and reallege each allegation contained in the Venue, Parties, Facts Common to All Counts Sections and Count One of the Complaint and incorporate same as if set forth at length herein.

22. The conduct of the Debtor detailed in the actions of the Debtor set forth above constitutes willful and malicious injury by the Debtor to the Plaintiff and/or the property of the Plaintiff.

23. As a result of the actions of the Debtor which constitutes willful and malicious injury by the Debtor to the Plaintiffs and the property of the Plaintiffs, the debt owed by him to the Plaintiff is not entitled to a discharge pursuant to Section 523(a)(6) of the Bankruptcy Code.

   **Wherefore,** Plaintiffs demand judgment deeming the debt owed by the Debtor, David Solomon, Jr., to Plaintiffs, Lin Dah Lim and Scott Phillips, is not dischargeable pursuant to §523(a)(2)(A) of the Bankruptcy Code.


Dunne, Dunne & Cohen, LLC
Attorneys for Lin Dah Lim and Scott Phillips


F.R. "Chip" Dunne, III, Esq.